**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

1541
#8
paid

| | | |
|---|---|---|
| Alan Victor Lee | ) | |
| | ) | |
| Plaintiff(s) | ) | Case Number: 2:24 cv 641 |
| | ) | |
| vs. | ) | |
| | ) | |
| Bureau of Prisons (BOP) | ) | **FILED** |
| | ) | |
| Defendant(s). | ) | APR 30 2024 |
| | ) | |

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**MOTION TO FILE A CIVIL SUIT AND REQUEST FOR JURY TRIAL**

Plaintiff Alan Victor Lee, proceeding pro se, hereby submits this Motion to File a Civil Suit against the Defendant, the Bureau of Prisons (BOP), and respectfully requests a trial by jury. This motion is filed following the recommendation of BOP's attorney, Mr. Jason A. Stickler, in his communication dated November 3rd, 2023, advising the Plaintiff to pursue legal action with the appropriate United States District Court if dissatisfied with the outcome of administrative proceedings.

## 1. BACKGROUND

Plaintiff exhaustively pursued all administrative remedies available within the BOP, as evidenced by Tort Claim Number TRT-SCR—2022-05584, filed pursuant to Title 28, USC, Code Sec 2672 et seq., and under the authority of Title 28 Code of Federal Regulations Section 0.172. Initially seeking $190,000 for personal injuries sustained, Plaintiff now amends this claim to $375,000 due to ongoing and exacerbated damages directly resulting from the negligence and wrongful acts by medical professionals at the Ft Worth Institutional Complex.

## 2. FACTUAL ALLEGATIONS

The Plaintiff contracted COVID-19 around mid-January 2021 due to the negligence of the BOP and its staff during a heightened period of the pandemic. This negligence included inadequate medical care and exposure to hazardous conditions, despite Plaintiff's specialized skills as a certified HVAC technician, electrician, and more, which were exploited even while Plaintiff was suffering from COVID-19 symptoms. Again, due to the negligence of the BOP medical staff and their subpar handling of the COVID-19 pandemic, I, one contracted the Covid virus, and two; current medical records will prove that I am still suffering brain fog after three years.

Despite repeated attempts to address severe and persisting symptoms, including "brain fog," Plaintiff's concerns were dismissed constantly by BOP personnel, and necessary medical examinations were not conducted. This lack of appropriate care and the forced labor under hazardous conditions, Plaintiff argues, constitutes a violation of the 8th Amendment's prohibition against cruel and unusual punishment.

## 3. LEGAL BASIS

Plaintiff seeks relief under the Federal Tort Claims Act Section 2672 for the negligence and wrongful acts perpetrated by the BOP and its employees. Plaintiff contends that the actions and inactions of the BOP directly resulted in personal injury and ongoing health issues, warranting compensation and corrective action.

## 4. JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial, believing that a jury of peers will fairly assess the facts and the extent of negligence and harm suffered by the Plaintiff. This request is made considering the challenges faced in conveying the complexities and nuances of this case through legal jargon and in consideration of the Plaintiff's right to a fair and impartial trial.

## 5. REQUEST FOR LENIENCY IN LEGAL LANGUAGE

Given the significant challenges faced by Plaintiff in securing legal representation, including economic barriers and the complex nature of suing a federal entity, Plaintiff respectfully requests the Court's leniency in allowing the use of "plain language" to articulate the case. This request is made to ensure justice is accessible and not denied due to procedural technicalities or the inability to engage legal counsel.

## 6. CONCLUSION

The Plaintiff firmly believes in the principles of justice and equity upheld by this Court and trusts that the evidence and facts presented will demonstrate the merit of this claim. The negligence and failure of the BOP to protect and treat Plaintiff adequately have resulted in substantial and ongoing harm, for which Plaintiff seeks redress and accountability.

Respectfully submitted,

Alan Victor Lee
5524 Camelia Street
Pittsburgh, PA 15201
(412) 588-3945
alanleehvac1@gmail.com

Date:   04/29/2024

## *****CERTIFICATE OF SERVICE*****

I hereby certify that on this day, I have mailed a USPS-certified copy of this Motion to File a Civil Suit and Request for Jury Trial to the Defendant, Bureau of Prisons Attorney, Mr. Jason A. Stickler, known Counsel for the Defendant, at their respective address.

Alan Victor Lee


Attachments (No Particular Order):
1. Grievance #1083461
2. Correspondence letter from Mr. Jason A. Stickler
3. Documentation of Administrative Remedies Pursued (Multiple)
4. Other Records and Evidence of Negligence



U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

---

*U.S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Prairie, Texas 75051*

**CERTIFIED MAIL**

7020 1810 0000 3819 9515

Mailed on November 3, 2023

Alan Lee
5524 Camelia St.
Pittsburgh, PA 15201

Re:    Administrative Tort Claim Number TRT-SCR-2022-05584

Mr. Lee:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, Title 28, United States Code, Section 2672 *et seq.*, and authority granted by Title 28, Code of Federal Regulations, Section 0.172. You claim government liability in the amount of one hundred ninety thousand dollars ($190,000.00) for alleged personal injury.

The Federal Tort Claims Act § 2672 delegates to each Federal agency the authority to consider, determine, and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his or her office or employment.

You claim that you contracted COVID-19 because of the negligence of BOP employees and as a result you suffer from mental fog.

Investigation into your claim indicates that you tested positive for COVID-19 on January 17, 2021. You remained stable and did not display any symptoms. During a sick call visit on September 21, 2021, you reported experiencing mental fog. You were advised to return to Health Services if the mental fog continued or worsened. Records indicate you did not return to seek treatment for this alleged condition.

Lee, Alan
TRT-SCR-2022-05584
Page 2

There is no evidence to indicate you sustained any injury caused by the negligent or wrongful act or omission of any United States employee acting within the scope of employment. Accordingly, your claim is denied.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Jason A. Sickler
Regional Counsel

cc:    W. McManus, Acting Warden
       FMC Fort Worth

JAS/ki